14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES, Plaintiff-Appellee,
v.
Rusty CLARK, Defendant-Appellant.
 No. 93-5245.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1993.
 
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Rusty Clark, appeals his conviction for conspiracy and the sale of stolen property. Clark contends that his pretrial statements should have been suppressed, that his motion for severance was erroneously denied, and that the evidence was insufficient to support his conviction. For reasons stated herein, we AFFIRM.
 
 
 2
 Fourteen defendants, including Clark, were indicted in a thirty-one count indictment charging them with a conspiracy and substantive counts of violating 18 U.S.C. Secs. 2312 (transportation of stolen vehicles), 2313 (sale or receipt of stolen vehicles), 2314 (transportation of stolen goods) and 2315 (sale or receipt of stolen goods). Other defendants included J.R. Rippee, Billy Gene Rippee, David Lynn Rippee, and Charles Allen Rippee. All pled guilty except for Robert J. Rippee, J.R. Rippee, Billy Gene Rippee and Clark, who were tried jointly.
 
 
 3
 Clark argues that because he was not advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), his statements to various officers should be suppressed. Clark gave two statements prior to his trial. The first statement was made at his place of business to a special agent of the FBI. The second statement was made at the courthouse in Ripley, Tennessee to a police officer. On neither occasion was Clark told he was under arrest nor actually taken into custody by any official.
 
 
 4
 To be entitled to Miranda warnings, a person must be questioned while in custody. Miranda, 384 U.S. at 445. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 434 (1984). The reasonable person test is appropriate because, unlike a subjective test, it does not "place upon the police the burden of anticipating the frailties or idiosyncracies of every person whom they question." Id. at 442 n. 35 (citations omitted). Clark's only contention on this point is that the officers had "that air about them" that he "had to talk" to them. The district court properly found that these were not custodial interrogations requiring Miranda warnings.
 
 
 5
 Clark also contends that his motion for severance was erroneously denied. He based this motion on the fact that he was named in only two counts of a thirty-one count indictment. Rule 8(b) of the Federal Rules of Criminal Procedure provides:
 
 
 6
 (b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.
 
 
 7
 Clark was charged in a conspiracy involving the theft and disposal of stolen vehicles and stolen property and in the substantive act of disposal of stolen property, specifically a flatbed trailer and yellow pine lumber. All the defendants were alleged to have participated in the same conspiracy, and Clark and two codefendants were alleged to have participated in the same substantive act. That act as well as the rest of the substantive acts charged were allegedly committed in furtherance of the conspiracy.
 
 
 8
 The motion for severance failed to show how Clark would be prejudiced. Under United States v. Warner, 971 F.2d 1189, 1196 (6th Cir.1992), the defendant bears "the burden of making a strong showing of factually specific and compelling prejudice resulting from a joint trial." Clark has failed to meet that burden; therefore, the district court properly denied his motion for severance.
 
 
 9
 Clark finally contends that there was insufficient evidence to support a conviction. He maintains that there was no substantial evidence to prove that he knew the lumber was stolen or that he participated in the conspiracy with the knowledge of the objects of the conspiracy. It is not for this court to weigh the evidence or to determine the credibility of witnesses. Glasser v. United States, 315 U.S. 60, 80 (1942). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Id. Clark initially approached the buyer of the lumber and gave false statements to the investigating police officers. He also told his wife he was going to make some fast money on a lumber deal with the Rippees. He admitted he participated in the sale of the load of lumber. The trial record contains sufficient evidence of a conspiracy and knowledge that the lumber was stolen.
 
 
 10
 For the foregoing reasons, defendant's conviction is AFFIRMED.