14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES, Plaintiff-Appellee,
v.
Robert J. RIPPEE, Defendant-Appellant.
 No. 93-5261.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1993.
 
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Robert J. Rippee, appeals his conviction for conspiracy to possess, transport and sell in interstate commerce stolen motor vehicles and goods valued over $5000.00 and for knowingly possessing stolen goods which had been transported in interstate commerce. For reasons stated herein, we AFFIRM.
 
 
 2
 Fourteen defendants, including Robert J. Rippee, were indicted in a thirty-one count indictment charging them with a conspiracy and substantive counts of violating 18 U.S.C. Secs. 2312 (transportation of stolen vehicles), 2313 (sale or receipt of stolen vehicles), 2314 (transportation of stolen goods) and 2315 (sale or receipt of stolen goods). Other defendants included J.R. Rippee, Billy Gene Rippee, David Lynn Rippee, and Charles Allen Rippee. All pled guilty except for Robert J. Rippee, J.R. Rippee, Billy Gene Rippee and Rusty Clark, who were tried jointly. Robert J. Rippee argues that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt and that the prosecutor confused the jury by grouping defendant Robert J. Rippee with the other Rippee defendants at trial.
 
 
 3
 Defendant Robert J. Rippee contends that his conviction was based on speculation, conjecture, and the testimony of a wholly unbelievable witness. However, in cases such as this one, "[i]t is not for us to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Scartz, 838 F.2d 876, 878 (6th Cir.), cert. denied, 488 U.S. 923 (1988), (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)).
 
 
 4
 Several witnesses implicated Robert J. Rippee in illegal activities, including his assistance in the theft, concealment, and disposal of a flatbed trailer (valued at $16,000) loaded with 47,845 pounds of aluminum ingots (valued at $38,000) (Count 12). Based on this testimony, sufficient evidence existed for the jury to find Robert J. Rippee guilty of conspiracy and the substantive charge in Count 12.
 
 
 5
 Defendant contends that the government referred to "the Rippees" throughout the trial, thereby confusing the jury. He mentions approximately twenty-five occasions when this occurred, but fails to cite any occasion when any defendant objected, thereby preserving the issue. In order to preserve an issue for appellate review, there must be a specific objection. Thus, this court's review is limited to plain error. United States v. Seago, 930 F.2d 482, 493 (6th Cir.1991). Plain errors are those which should have been apparent to the trial judge without objection, or which strike at the fundamental fairness, honesty or public reputation of the trial. United States v. Causey, 834 F.2d 1277, 1281 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988).
 
 
 6
 On numerous occasions the government, after referring to "the Rippees," specifically asked the witnesses to identify and specify to whom they were referring. Also, the jury verdict convicting Robert J. Rippee on Counts 1 and 12 and finding him not guilty on Counts 13 and 14 shows that the jury did not confuse him with the other defendants. This issue does not reach the level of plain error.
 
 
 7
 For the foregoing reasons, defendant's conviction is AFFIRMED.