23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Gene RIPPEE, Defendant-Appellant.
 No. 93-5785.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1994.
 
 Before: NELSON and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction on charges of conspiracy to transport stolen goods across state lines in violation of 18 U.S.C. Secs. 371, 2312-2315 and transportation of a stolen tractor-trailer across state lines in violation of 18 U.S.C. Sec. 2314. The sole issue before us is whether the evidence was sufficient to support the conviction. Concluding that it was, we shall affirm the judgment.
 
 
 2
 * From January of 1990 through August of 1991, according to the government, the Rippee brothers (David, Charlie, Bobby, J.R., and defendant Billy Gene Rippee) conspired among themselves and with others to steal farm vehicles and tractor-trailers loaded with goods. Over the life of the conspiracy the participants allegedly stole at least twenty vehicles and transported them across state lines into Tennessee. Among the vehicles were a 1988 refrigerated trailer loaded with frozen meat and a 1988 Dorsey flatbed trailer loaded with aluminum ingots. The goods contained in the stolen vehicles--goods that included plywood, elevator weights, chicken drumettes, and copper wire, as well as the frozen meat--were sold or given away to various parties. Some of the meat from the 1988 refrigerated trailer was eventually sold to the Eagles Club, of which one of the Rippee brothers was a member.
 
 
 3
 A grand jury returned a 31-count indictment against fourteen alleged conspirators. The indictment charged defendant Billy Gene Rippee with participation in the general conspiracy to steal and transport stolen goods across state lines (count 1) and with participation in two discrete incidents--theft of the refrigerated meat trailer (count 26) and theft of the trailer containing the aluminum ingots (counts 11 and 12).[1] The defendant's brothers, David and Charlie, were each charged in over 20 counts. All but four of the defendants pleaded guilty, and Bobby Rippee, J.R. Rippee, Billy Gene Rippee and Rusty Clark proceeded to trial.[2]
 
 
 4
 After the jury returned a guilty verdict on each of the four counts against Billy Gene Rippee, Mr. Rippee moved for acquittal. The district court granted an acquittal on two of the counts, but denied the motion with respect to the conspiracy charge and the charge involving the meat trailer. This appeal followed.
 
 II.
 
 5
 In reviewing Mr. Rippee's contention that the evidence was insufficient to support his conviction, we inquire "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Evidence is sufficient to sustain a conspiracy conviction when it shows that the defendant knew of the conspiracy, voluntarily entered it, and acted in furtherance of it. United States v. Barger, 931 F.2d 359, 369 (6th Cir.1991). To prove the charge involving the vehicle with the meat, the government was obliged to show that the defendant participated in its transportation across state lines, that he knew the goods were stolen, and that the value of the goods was at least $5000. See United States v. Parziale, 947 F.2d 123, 127 (5th Cir.1991), cert. denied, 112 S.Ct. 1499 (1992).
 
 
 6
 The defendant apparently does not contest the jury's finding that a conspiracy existed. The crux of his argument is that the evidence was insufficient to prove that he was a knowing participant in the conspiracy and, with respect to his actions involving the trailer full of stolen meat, that he had the requisite knowledge that the meat was stolen.
 
 
 7
 Several witnesses testified at trial that Billy Gene Rippee was, at various times, in possession of the stolen goods and vehicles involved in the conspiracy and that he participated in cutting up several of the trailers--which were in perfectly good condition--for scrap metal. These witnesses also testified that the defendant took part in disposing of the stolen meat and in cutting up stolen copper wire. Jean Marie Goforth, who was well-acquainted with the Rippee brothers, testified that Charlie Rippee told her that the group had been stealing tractor-trailers. Bobby Pruitt, who bought some of the stolen meat from the brothers on behalf of the Eagles Club, testified that J.R. Rippee told him that the defendant would be receiving one-third of the proceeds from the sale. Several witnesses placed Billy Gene Rippee at meetings with his co-conspirators (including those who were not related to him) during the time frame of the conspiracy. Viewing this evidence in the light most favorable to the prosecution, we conclude that a reasonable trier of fact could conclude that Billy Gene Rippee had knowledge of, joined, and acted in furtherance of the conspiracy and that he was guilty of participating in--by aiding and abetting, at least--the crime involving the trailer full of meat.
 
 
 8
 Mr. Rippee argues that there was no evidence tending to show that he knew that any of the vehicles or goods were stolen. We disagree. The fact that he was engaged in cutting up trailers that were in good condition indicates that he was aware of wrongdoing. Similar conclusions could be drawn from his actions in cutting up the copper wire and the manner in which the group disposed of the stolen meat. We also think it significant that the defendant was to receive one-third of the proceeds of the sale of the meat. The circumstantial character of the evidence does not mean that it is not sufficient to support the conviction. See United States v. Meyers, 646 F.2d 1142, 1144 (6th Cir.1981).
 
 
 9
 Finally, Mr. Rippee argues that because the jury found him guilty on two of the counts of which he was ultimately acquitted it must have been unfairly biased against him. (The court acquitted him of the charges relating to the theft of the trailer loaded with aluminum ingots; the only witness who linked the defendant to this incident later recanted his testimony.) We do not think that the verdict established bias. Any number of factors other than bias could be responsible for what the defendant argues is an irreconcilable or untenable determination of fact. Since Mr. Rippee offers no evidence of jury bias or prejudice other than the circumstance of his acquittal notwithstanding the jury's verdict, we are not persuaded that the conviction should be reversed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The defendant was also named in count 21 of the indictment, which dealt with the theft and transportation of a farm tractor across state lines. At the close of the government's proof Mr. Rippee moved for acquittal on all counts of the indictment with which he was charged. The district court granted the motion as to count 21, which was not submitted to the jury, and denied the motion as to the remaining counts
 
 
 [2]
 These four defendants were tried together, and each was convicted of at least some of the counts in which he was charged. This court affirmed the convictions of Bobby Rippee and Rusty Clark on December 20, 1993. See United States v. Rippee, No. 93-5261, 1993 WL 533564, 1993 U.S.App. LEXIS 33947 (December 20, 1993); United States v. Clark, No. 93-5245, 1993 WL 533562, 1993 U.S.App. LEXIS 33993 (December 20, 1993)